UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

CARLOS BARAHONA,

                Plaintiff,

                                                  **COMPLAINT**

      -against-

1325 PARKWAY ESTATES LLC,

                Defendant.

----------------------------------------------------------------------------X

Plaintiff, Carlos Barahona, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendant 1325 Parkway Estates LLC, alleges as follows:

## NATURE OF THE CLAIM

1.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"), unpaid minimum wage compensation under the FLSA and NYLL, failure to issue timely payment of wages pursuant to NYLL §§ 191, 198, failure to furnish a wage notice upon his hire under NYLL § 195(1), failure to provide accurate wage statements for each pay period under NYLL § 195(3), for unjust enrichment and quantum meruit under New York common law, and any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

4.      At all times relevant, Plaintiff was a resident of the State of New York.

5.      At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

6.      At all times relevant, Defendant 1325 Parkway Estates LLC is and was a domestic limited liability corporation with its principal place of business at 1330 Eastern Pkwy, Brooklyn, New York 11233.

7.      At all times relevant, Defendant 1325 Parkway Estates LLC was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, cleaning equipment, cleaning supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, garbage bags, paper, pens, cellular telephones, and other tools, equipment and materials.

8.      At all times relevant, Defendant 1325 Parkway Estates LLC was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

## FACTS

9.      Defendant operates and manages one or more residential properties in Brooklyn, New York.

10.     Defendant employed Plaintiff as a non-exempt laborer and cleaner from in or about March 2018 until on or about April 30, 2022.

11.     Throughout his employment, Plaintiff was responsible for performing various tasks, including but not limited to recycling and garbage removal, sweeping, cleaning, minor routine repairs, boiler maintenance, emergency repairs, and other services as needed.

12.     Throughout his employment, Plaintiff performed these services in Brooklyn, New York.

13.     Throughout his employment, Plaintiff performed his services in a building with 43 units.

14.     Throughout his employment, Plaintiff regularly worked seven days per workweek.

15.     Throughout his employment, Plaintiff regularly worked on Monday through Friday from approximately 9:00 a.m. until 5:00 p.m., or sometimes even later, during his workweeks. Throughout his employment, these hours constituted Plaintiff's regular scheduled hours of work.

16.     Throughout his employment, Plaintiff received uninterrupted meal breaks of thirty minutes on some, but not all, of his ordinary workdays on Monday through Friday during his workweeks.

17.     Throughout his employment, Plaintiff was required to sweep outside areas near his assigned buildings from 7:30 a.m. until between 8:00 a.m. or 8:10 a.m., or sometimes even later, at least five days per week.

18.     Throughout his employment, Plaintiff regularly worked three hours on Sundays to take care of the buildings' garbage.

19.     Accordingly, Defendant required Plaintiff to work, and Plaintiff did regularly work, in excess of forty hours, and typically even in excess of at least 43 hours, and often worked even more hours, during each workweek for these standard hours worked.

20.     Moreover, throughout his employment, Defendant required Plaintiff to regularly perform additional work each day during seven days per week to take care of the buildings' garbage, including organizing and storing the building's garbage, which often occurred during the evenings after his regular shift ended and on weekends.  Plaintiff was therefore required to perform several additional hours of work outside of his regular work hours to perform these duties each week.

21.     Throughout his employment, Defendant also required Plaintiff to frequently perform maintenance services on the building's boiler, requiring Plaintiff to perform additional hours of work each workweek outside of his regular work hours, including after 5:00 p.m. until 9:00 a.m. each weekday and on weekends.

22.     Specifically, throughout his employment, Plaintiff was required to manually add water into the building's boiler several times per day, seven days per week, including in or about midnight or 1:00 a.m., 7:00 a.m., and 4:00 p.m., in order to keep the boiler operating.  Throughout his employment, Plaintiff was required to perform approximately thirty minutes of work during each of these instances of adding water to the boiler, amounting to around one hour to one and one-half hours of work per day that occurred outside of his regular work hours on weekdays and on weekends.

23.     Throughout his employment, Defendant required Plaintiff to respond to and remedy any emergencies encountered by Defendant's tenants in his assigned building both during his

4

regular workday and during his hours off work, including after 5:00 p.m. until 9:00 a.m. each weekday and on weekends.

24.     Throughout his employment, these emergency services frequently required Plaintiff to return to Defendant's premises when he was not onsite to respond to such emergencies.

25.     Throughout his employment, Defendant required Plaintiff to respond to and remedy such emergencies encountered by its tenants in his assigned building during hours outside of his regular workday multiple times per week, including after 5:00 p.m. until 9:00 a.m. each weekday and on weekends, and typically amounted to at least three additional hours outside of his regular workdays and could require even more hours of work, during each workweek.

26.     Throughout his employment, these emergency services in his assigned building commonly required between 15 minutes to as much as six hours of work to complete for each instance, and could take even more hours of work to accomplish, depending on the nature of the emergency.

27.     Accordingly, Defendant required Plaintiff to work, and Plaintiff did regularly work, well in excess of forty hours during each workweek.

28.     Throughout his employment, Plaintiff reported his hours, including instances of performing emergency work, to Defendant.

29.     Throughout his employment, despite reporting that Plaintiff worked more than forty hours during each workweek, Defendant refused to acknowledge these hours worked in excess of forty hours during Plaintiff's workweeks.

30.     However, throughout his employment, Plaintiff repeatedly provided Defendant with copies of time sheets that recorded all of his hours worked, including all hours worked outside of his scheduled hours of work during 9:00 a.m. to 5:00 p.m. on Monday through Friday.

31. On these occasions, Defendant rejected Plaintiff's time sheets, required him to submit a timesheet that only recorded his scheduled hours of work from 9:00 a.m. to 5:00 p.m. on Monday through Friday, and refused to accept timesheets that included any hours worked in excess of his scheduled work hours or in excess of forty hours per workweek, thereby knowingly requiring Plaintiff to submit inaccurate timesheets.

32. Despite this, Defendant was aware of Plaintiff's true hours worked as Plaintiff communicated with Defendant about his hours worked, including his hours worked outside of his regular scheduled hours of work on weekdays and on weekends.

33. Throughout his employment, Defendant did not accurately track or record the hours worked or number of hours worked by Plaintiff.

34. For this work, throughout his employment, Defendant paid Plaintiff a fixed, biweekly salary of $600.00, regardless of his number of hours worked each week.

35. Throughout his employment, Defendant paid Plaintiff the equivalent of a fixed, salary of $300.00 per workweek, when converted to the equivalent weekly compensation, regardless of his number of hours worked each week.

36. Throughout his employment, despite regularly working in excess of forty hours per workweek, Defendant failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay or the minimum wage, whichever is greater, for his hours worked in excess of forty hours in violation of the FLSA and NYLL.

37. Throughout his employment, when Plaintiff's weekly pay is converted to his true hourly regular rates of pay by operation of law, Plaintiff's regular rates of pay result in hourly rates of pay below the mandated minimum wage rate in violation of the FLSA.

38.     Throughout his employment, when Plaintiff's weekly pay is converted to his proper regular rates of pay by operation of law, Plaintiff's regular rates of pay result in rates of pay below the mandated minimum wage rates in violation of the NYLL.

39.     Throughout his employment, Defendant failed to pay Plaintiff for any hours worked in excess of thirty-seven and one-half hours of pay to forty hours worked each week, depending on the amount of uninterrupted meal periods that Plaintiff received each workweek.  As Plaintiff's wages were expected to cover the first thirty-seven and one-half hours of pay to forty hours of pay, Defendant failed to compensate Plaintiff for many hours of work each workweek, in violation of the FLSA, NYLL and New York common law.

40.     During his period of employment, on certain occasions, Plaintiff sometimes performed additional work outside his ordinary job duties, including but not limited to tasks including painting, plumbing repairs, and electrical repairs.  On these occasions, Defendant would typically agree to pay a modest additional sum of money to compensate Plaintiff for these specifically agreed to additional tasks performed by him.

41.     Throughout his employment, Plaintiff's duties required him to perform many physical and manual tasks throughout his workday, including, but not limited to, prolonged periods of standing, walking, climbing, bending, lifting, carrying, climbing, wiping, reaching, and using cleaning implements, tools and machinery.

42.     Throughout his employment, Plaintiff performed physical – and therefore manual – tasks during nearly all of his hours worked.

43.     As such, throughout his employment, more than twenty-five percent of Plaintiff's hours worked each week were spent performing physical – and therefore manual – tasks.

44.     Throughout his employment, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

45.     Throughout his employment, Plaintiff was entitled to payment of his wages earned on a weekly basis and within seven calendar days after the end of the workweek in which his wages were earned, in accordance with NYLL § 191(1)(a).

46.     Throughout his employment, Defendant failed to pay the Plaintiff his wages weekly and within seven calendar days after the end of his workweek, in accordance with NYLL § 191(1)(a).  Instead, Defendant paid Plaintiff his wages every two weeks in violation of NYLL § 191(1)(a).

47.     Every time that the Defendant failed to pay Plaintiff his wages earned weekly and within seven days of the end of his workweek, the Defendant deprived him of the use of money to which he was legally entitled.

48.     As a result of the Defendant's failure to timely pay his wages, Plaintiff lost the time value of money.

49.     Plaintiff is a manual worker who depends upon his wages for sustenance and suffers harm that is particularly acute when his wages are delayed and he is temporarily deprived of his earned wages.

50.     Each time that Plaintiff received late compensation for the work that he performed, Defendant underpaid him for the work he performed.

51.     Every time that Defendant failed to pay Plaintiff their wages earned weekly and within seven days of the end of his workweeks, Defendant deprived him of the use of money that belonged to him.  As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy.

52.    Additionally, Defendant's delayed payment of wages forced Plaintiff to forgo purchasing goods and services until a later time after his receipt of his late paid wages.  Because of inflation, being an ever increasing scourge throughout the Covid-19 pandemic and during recent events, the Plaintiff was required to pay increased prices for the goods and services that he otherwise would have purchased at an earlier date were his wages lawfully paid on a weekly basis.

53.    By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and its free use of such funds, at the expense of Plaintiff.  For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, purchase raw materials, to pay rent or mortgages on its facilities, pay installment payments and purchase fuel for their company-owned vehicles and equipment, purchase tools and cleaning supplies, pay for marketing and other business expenses, and accrue interest on those funds in their business accounts.

54.    Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track or maintain accurate records of hours worked by Plaintiff and failing to pay him in accordance with his hours worked in order to intentionally deprive Plaintiff of overtime and minimum wage compensation.

55.    Throughout his employment, Defendant failed to provide written notice to Plaintiff upon his hire in his primary language – or at all – of his rates of pay and other information required by NYLL § 195(1).

56.    Throughout his employment, Defendant failed to furnish Plaintiff with accurate statements of his wages earned, including, *inter alia*, his correct regular and overtime rates of pay, correct amount of regular and overtime hours worked, and his correct gross wages, net wages, and deductions, for each pay period as required by NYLL § 195(3).

57. By failing to meticulously record and detail Plaintiff's actual hours worked for each workweek and failing to detail his correct wages as required by NYLL §§ 195(1) and (3), Defendant caused actual and concrete harm to Plaintiff, who was unable to determine whether he had been underpaid for his proper straight-time, regular hourly wages or his overtime compensation throughout his employment.

58. Because Plaintiff worked without the information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages that he was entitled to receive, assess the manner in which his wages were calculated, and determine that he had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout his employment and causing him to suffer underpayments longer than he would have if a compliant wage notice and accurate wage statements had been provided.

59. With no way to know how much Plaintiff should have been making, Plaintiff worked throughout his employment without discovering how much he had been underpaid nearly every week, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendant employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate him for all of his hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of the FLSA.

62. Defendant's violations of the FLSA have been willful and intentional.

63. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. Due to Defendant's violations of the FLSA, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. Defendant employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the minimum wage or their regular hourly rate, whichever is greater, in violation of NYLL.

67. By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Defendant violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Defendant's violations of the NYLL have been willful and intentional.

69. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – MINIMUM WAGES)

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. Defendant employed Plaintiff, yet willfully failed to pay Plaintiff the applicable minimum wage rate for his hours worked during his workweeks, in violation of the FLSA.

72. Defendant's violations of the FLSA have been willful and intentional.

73. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. Due to Defendant's violations of the FLSA, Plaintiff is entitled to recover from Defendant unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

75. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

76. Defendant employed Plaintiff and willfully failed to pay Plaintiff the applicable minimum wage rates for hours worked during his workweeks, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

77. Defendant's violations of the NYLL have been willful and intentional.

78. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – FAILURE TO PAY TIMELY WAGES)

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

80. Plaintiff was a manual workers as defined by NYLL § 190(4).

81.     Defendant was required to pay the Plaintiff on a weekly basis, and not later than seven days after the end of the workweek in which the wages were earned.

82.     Defendant failed to pay the Plaintiff on a weekly basis and instead paid the Plaintiff his wages biweekly in violation of NYLL § 191.

83.     Each time that Defendant failed to pay Plaintiff his wages earned weekly and within seven days of the end of the workweek, Defendant deprived him of the use of money to which they were legally entitled.

84.     Defendant's violations of the NYLL have been willful and intentional.

85.     As a result of Defendant's failure to timely pay his wages, Plaintiff lost the time value of money.

86.     Based on the foregoing, Plaintiff is entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SIXTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)

87.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

88.     Plaintiff performed valuable services for Defendant in good faith, at Defendant's behest, which were accepted by Defendant.

89.     Plaintiff performed valuable services for Defendant with the expectation that he would be compensated for his work on an hourly basis.

90.     Defendant failed to compensate Plaintiff at an appropriate regular rate of pay, including at an hourly regular rate of pay or any form of premium overtime rate of pay, for certain hours that he worked for the Defendant.

91.     Plaintiff is entitled to the recovery of the reasonable value of the services that he provided to Defendant, the Defendant was enriched at the expense of Plaintiff, and it is against equity and good conscience to permit those Defendant to retain what is sought to be recovered.

92.     As a direct and proximate result of Defendant' unlawful conduct, as set forth herein, Plaintiff has sustained and is entitled to recover damages, costs of this action, and interest as permitted by law.

## SEVENTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

93.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

94.     Plaintiff performed work for the benefit of Defendant, at Defendant's behest. However, Defendant failed to compensate Plaintiff at an appropriate regular rate of pay, including at an hourly regular rate of pay or any form of premium overtime rate of pay, for certain hours that they worked for Defendant.

95.     By doing so, Defendant retained monies that it was required to pay to Plaintiff who performed work for Defendant's benefit without receiving required compensation for certain hours worked.

96.     Due to Defendant's conduct in violation of New York common law, Defendant were enriched at the expense of Plaintiff and it is against equity and good conscience to permit Defendant to retain what is sought to be recovered.

97.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained and is entitled to recover damages, costs of this action, and interest as permitted by law.

## EIGHTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

98.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

99.     Defendant failed to provide Plaintiff with a written notice upon hire in his primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

100.     Due to Defendant's failure to provide Plaintiff with the notice required by NYLL § 195(1), Plaintiff is entitled to statutory damages, attorneys' fees and costs of this action.

## NINTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

101.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

102.     Defendant failed to provide Plaintiff with accurate statements of his wages earned, including, *inter alia*, his correct regular and overtime rates of pay, correct number of regular and overtime hours worked, or correct gross wages, net pay, or deductions, for each pay period as required by NYLL § 195(3).

103.     Due to Defendant's failure to provide Plaintiff with accurate wage statements as required by NYLL § 195(3), Plaintiff is entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i.      An order restraining Defendant from any retaliation against Plaintiff for participation in any form in this litigation;

ii.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under FLSA, and its supporting regulations, and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations, and New York common law;

iii.    Unpaid wages, including overtime wages and minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv.     Unpaid wages, including but not limited to unpaid overtime wages, unpaid minimum wages, and any other form of wages owed, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

v.      Liquidated damages for violations of NYLL §§ 191, 198;

vi.     Damages pursuant to NYLL §§ 195(1), 198;

vii.    Damages pursuant to NYLL §§ 195(3), 198;

viii.   Damages for unjust enrichment and quantum meruit under New York common law;

ix.     Pre- and post-judgment interest as permitted by law;

x.      All attorneys' fees incurred in prosecuting these claims;

xi.     All costs incurred in prosecuting these claims; and

xii.        Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        March 17, 2025

                                ROMERO LAW GROUP PLLC
                                *Attorneys for Plaintiff*
                                490 Wheeler Road, Suite 277
                                Hauppauge, New York 11788
                                Tel.: (631) 257-5588

By:       _____
                                DAVID D. BARNHORN, ESQ.

17